## Investigation of Fires by State Police.

TAYLOR, Dep. Att'y-Gen., June 18, 1928.—This department is in receipt of your request to be advised upon the following points:

1. Whether a person called and questioned under section 4 of the Act of April 27, 1927, P. L. 450, can be prosecuted for the offense concerning which he has been questioned.

2. Whether a person called and questioned under section 4 of the Act of April 27, 1927, P. L. 450, can be prosecuted for an offense, the commission of which is admitted by that person, when such offense was not the subject of the inquiry.

The Act of April 27, 1927, P. L. 450, is entitled an act relating to fires and fire prevention, imposing duties and conferring powers upon the State police and providing for the investigation of the cause, origin and circumstances of fires, etc. Section 4 of this act provides that the State police or its assistants may at any time investigate the origin or circumstances of any fire occurring in this Commonwealth. In this investigation "the State police or its assistants shall have the power to summon witnesses and compel them to attend before them, or either of them, and to testify in relation to any matter which is by the provisions of this act a subject of inquiry and investigation . . . and shall have the power to administer oaths and affirmations to any person appearing as a witness before them." This section further provides that "no

person shall be excused from attending before the State police or its assistants when summoned so to attend, nor, when ordered so to do, shall be excused from testifying . . . before such State police upon any investigation, proceeding or inquiry instituted under the provisions of this act upon the ground or for the reason that the testimony or the evidence, documentary or otherwise, required of him may tend to convict him of a crime or subject him to a penalty or forfeiture. . . ."

Article I, section 9, of the Constitution of Pennsylvania provides that "in all criminal prosecutions the accused hath a right to be heard by himself and his counsel . . . he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land." Standing alone, the first paragraph of section 4 of the Act of April 27, 1927, P. L. 450, would be contrary to the Constitution, for if a man is compelled to give evidence against himself, the act of assembly requiring him to so testify must also grant him immunity from prosecution which might arise as a result of such testimony. In the present case, the entire section of this act does not violate the Constitution, for the second paragraph provides that no person compelled to testify or produce evidence against himself under the provisions of this section "shall be prosecuted or subjected to a penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may have been required so to testify or produce evidence, documentary or otherwise; and no testimony so given or produced shall be received against him upon any criminal investigation or proceedings."

Under the provisions of section 4 of this act, a person does not appear voluntarily to be questioned by the State police, but is directed under the authority of this law to so appear. The statement made by such a person is not a voluntary statement, and is not in the nature of a statement made by a person interrogated by the State police concerning other offenses than arson.

The person to be interrogated cannot ignore the summons, for to do so would be in contempt. It can matter little whether he is sworn or not sworn, although this section does not provide that he must be sworn. The statement made under the authority of this act is an involuntary one, and, therefore, this section provides that the person so compelled to testify shall be immune from prosecution. If the person interrogated had not been compelled to appear by summons and testify against himself, his statement might be considered voluntary if he was under no compulsion to talk at the time of interrogation. We must, therefore, conclude that if a person is compelled to testify or furnish evidence against himself under the provisions of section 4 of the Act of April 27, 1927, P. L. 450, he cannot be prosecuted on account of any transaction, matter or thing concerning which he may have been required so to testify.

The Act of April 27, 1927, P. L. 450, provides a method of investigating and securing evidence concerning the cause, origin and circumstances of fires, and the provisions of this act relate to fires and fire prevention. Under section 4 of this act, a person shall not be prosecuted or subjected to a penalty or forfeiture for or on account of any prosecution or thing concerning which he may have been required so to testify. The testimony or evidence required concerns the cause, origin or circumstances of fires and is not testimony or evidence required for any other purpose. A person is not required under this act to furnish information or evidence concerning any offense committed by him when such offense does not concern the cause, origin or circumstances of fires. Therefore, if a person interrogated under the provisions of this act

voluntarily supplies information concerning the commission of an offense not connected with the cause, origin or circumstances of fires, such information can be used against that person in any prosecution brought as a result of statements made by him. Such statements are voluntary as distinguished from involuntary statements made by a person interrogated as provided in section 4 of the Act of April 27, 1927.

From C. P. Addams, Harrisburg, Pa.